UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL PATRICK WHORMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01261-TAB-TWP |
| | ) |
| HONDA MFG. OF GREENSBURG, IN, | ) |
| RYAN GODDARD, | ) |
| EVA LUNSFORD, | ) |
| HONDA MFG. OF INDIANA, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTIONS TO DISMISS**

**I.      Introduction**

Before the Court are motions to dismiss Plaintiff Michael Patrick Whorms' complaint filed by Defendants Eva Lunsford and Ryan Goddard [Filing No. 25] and Defendant Honda Manufacturing of Greensburg, Indiana [Filing No. 27]. Plaintiff's complaint alleges race and national origin discrimination, harassment, and retaliation against Defendants. Lunsford and Goddard request that the Court dismiss Plaintiff's complaint against them with prejudice because Title VII of the Civil Rights Act of 1964 does not provide for individual liability. Honda argues that the Court should dismiss with prejudice Plaintiff's harassment and retaliation claims against Honda because Plaintiff failed to exhaust his administrative remedies under Title VII as to these claims. Plaintiff did not respond to either motion. As explained below, the Court grants the motion to dismiss Lunsford and Goddard. In addition, Honda's motion to partially dismiss Plaintiff's complaint is granted in part as it relates to Plaintiff's retaliation claim against Honda but denied as it relates to Plaintiff's harassment claim.

### II.     Background

In March 2022, Plaintiff submitted an amended charge of discrimination to the Equal Opportunity Employment Commission alleging he was discriminated against based on his national origin and race when his employer, Honda, discharged his employment in violation of Title VII.  [Filing No. 1-1, at ECF p. 1.]  In April 2022, the EEOC dismissed the charge and provided Plaintiff notice of his right to sue.  [Filing No. 1-1, at ECF p. 2.]  On June 24, 2022, Plaintiff filed his complaint for race and national origin discrimination, harassment, and retaliation under Title VII against Honda; Lunsford, an HR representative; and Goddard, and his direct supervisor and team manager.  [Filing No. 1.]  On January 9, 2023, Defendants filed their motions to dismiss Plaintiff's complaint.  [Filing No. 25; Filing No. 27.]  As noted above, Plaintiff failed to respond to the motions.  Thus, these motions are now ripe for the Court's review.

### III.    Discussion

Defendants moved to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Specifically, individual Defendants Lunsford and Goddard moved to dismiss all claims against them in their individual capacity, and Honda seeks to dismiss Plaintiff's claims of retaliation and harassment.  To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Thus, in reviewing the sufficiency of a complaint, the Court must accept all well-pleaded facts as true and draw all permissible inferences in Plaintiff's favor.  *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).  "The Court construes *pro se* complaints liberally and holds them to a

less stringent standard than formal pleadings drafted by lawyers." *Williford v. Amazon Fulfillment*, No. 1:18-cv-1679-JMS-DML, 2018 WL 5924000, at *1 (S.D. Ind. Nov. 13, 2018) (*citing Luevano v. Wal-Mart Stores, Inc*., 722 F.3d 1014, 1027-28 (7th Cir. 2013)).

### A. Individual Defendants Lunsford and Goddard

Lunsford and Goddard argue that Plaintiff's Title VII claims against them in their individual capacity should be dismissed because Title VII does not provide for individual liability. [Filing No. 26.] The Court has addressed this argument many times, and Seventh Circuit case law is clear—a supervisor cannot be held liable under Title VII because a supervisor is not an employer. *See, e.g., Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (affirming dismissal of complaint for alleged sexual harassment against individual supervisor for failure to state a claim pursuant to Rule 12(b)(6)). *See also Lovett v. Steak N' Shake*, No. 4:21-cv-00010-TWP-DML, 2022 WL 602833, at *5-6 (S.D. Ind. Mar. 1, 2022) (dismissing the plaintiff's Title VII claims against individual defendant because an individual does not fall within Title VII's definition of employer).

Lunsford and Goddard, as individuals, do not fall within Title VII's definition of employer. Thus, they cannot be held individual liable. Accordingly, the Court dismisses with prejudice Plaintiff's claims against individual Defendants Lunsford and Goddard.

### B. Defendant Honda: Retaliation and Harassment Claims

Honda argues that the Court should partially dismiss Plaintiff's complaint as it relates to the harassment and retaliation claims against Honda. [Filing No. 28.] Specifically, Honda contends that Plaintiff' failed to state a claim because his harassment and retaliation claims exceed the scope of the allegations in his EEOC charge. Plaintiff's charge states:

> I am an American Jamaican. I worked as a contractor through Kelly Services from on or around October 05, 2020, until hired as a Honda Manufacturing of

3

> Indiana employee on or around July 19, 2021.  My direct supervisor was Ryan Goddard, Team Manager.  On August 12, 2020, I met with Mr. Goddard and Mr. Clay LNU after I was taken to HR because of an argument I had with employee Brandon Vollett.  As I was exiting from the meeting HR Representative Eva Lundsford [sic] told me I was suspended because someone said they saw me with my pants down in the hall, which is false.  I was suspended from August 12, 2021, thru September 08, 2021, and then discharged because Mr. Goddard said I put my hand in his face during our meeting on August 12th, which is also false.  I have complained to Mr. Goddard about others being rude and harassing me but he has never taken my concerns or complaints with urgency and he accused me of being threatening.  I believe I was discriminated against based on my national origin and race when the Company discharged my employment in violation of Title VII of the Civil Rights Act of 1964, as amended.

[Filing No. 1-1, at ECF p. 1.]  Honda argues that Plaintiff failed to exhaust his administrative remedies under Title VII as to his claims for harassment and retaliation because his charge contained no allegations that he was harassed based on his race or national origin or retaliated against, nor any reference to any statements or conduct that might support a claim for race or national origin harassment or retaliation.  [Filing No. 28, at ECF p. 5-6.]

A plaintiff bringing claims under Title VII must exhaust available administrative remedies prior to filing suit in federal court.  *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).  A Title VII plaintiff must file a charge of discrimination with the EEOC within the time allotted by 42 U.S.C. § 2000e-5 and receive a right to sue letter from the EEOC.  *Id.* "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [his] EEOC charge."  *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).  However, "claims set forth in a complaint are cognizable, even if not specifically, asserted in an EEOC charge, when the claims are 'like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations.' " *Kovalevska v. Burlington Coat Factory of Indiana, LLC,* No. 4:16-cv-203-TWP-TAB, 2017 WL 2840828, at *3 (S.D. Ind. July 3, 2017) (quoting *Cheek*, 31 F.3d at 500)).

4

The Court agrees with Honda that Plaintiff's EEOC charge failed to set forth a cognizable claim of retaliation. A plaintiff's "failure to mention any type of protected activity and his failure to identify retaliation as a basis for his charge preclude him from relying on the original charge of discrimination as a basis for his retaliation claim." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). Plaintiff did not identify retaliation as a basis for his charge or otherwise provide allegations that he was retaliated against or suffered any adverse action because of his alleged complaints. He did not use the word retaliation anywhere in his charge. The closest Plaintiff came to alleging as much was when he noted he "complained to Mr. Goddard about others being rude and harassing me but he has never taken my concerns or complaints with urgency and he accused me of being threatening." [Filing No. 1-1, at ECF p. 1.] While this statement indicates that Plaintiff complained, it does not allege that any adverse action was taken against Plaintiff because he complained. In addition, Plaintiff failed to respond to Honda's motion to dismiss, thereby passing on an opportunity for Plaintiff to try to offer an explanation for his failure to mention retaliation. Thus, Plaintiff's retaliation claim against Honda is dismissed.

However, the Court reaches the opposite result on Plaintiff's harassment claim. Plaintiff's EEOC charge states that Plaintiff complained to his supervisor about other employees being rude and harassing him before stating his belief that he was discriminated against based on his national origin and race when discharged. Harassment is reasonably related to the allegations of race and national origin discrimination in the charge and growing out of the allegations. Construing this *pro se* Plaintiff's claims broadly, his charge sets forth a cognizable claim for harassment, at least one that is sufficient to survive a Rule 12(b)(6) motion to dismiss.

Accordingly, Honda's motion to dismiss is denied as it relates to Plaintiff's harassment claim against Honda.

### IV.  Conclusion

For these reasons, Defendants' motion to dismiss Plaintiff's claims against Lunsford and Goddard in their individual capacity is granted.  [Filing No. 25.]  Honda's motion to partially dismiss Plaintiff's complaint is granted in part as it relates to the retaliation claim but denied as it relates to the harassment claim.  [Filing No. 27.]  Thus, Plaintiff's claims of race and national original discrimination and harassment against Honda are the sole remaining claims.

This matter remains set for a telephonic initial pretrial conference on March 13, 2023, at 3:00 pm.  As noted in the Court's order setting the conference, the information needed by counsel of record to participate in this telephonic conference will be provided by separate notification. Plaintiff shall personally participate in this conference by calling chambers directly at 317-229-3660.

Date: 2/14/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MICHAEL PATRICK WHORMS
215 Manning St. Apt. D
Piqua, OH 45356

6